UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THANT NYI SOE,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2441

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner asks the Court to, *inter alia*, declare that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), is the appropriate statutory provision that governs Petitioner's detention and eligibility for bond, and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to conduct a § 1226 bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.14–15.)

In an order entered on August 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on September 3, 2026,

(ECF No. 4). Thereafter, pursuant to an order entered by the Court on September 23, 2026, Respondents filed a supplemental response later that same day. (Suppl. Resp., ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Burma. (Pet., ECF No. 1, PageID.1.) Petitioner entered the United States in December 2025 and has remained in the United States since that time. (*See id.*, PageID.1, 2.)

On July 11, 2026, ICE took Petitioner into custody. (*See id.*, PageID.2.) Thereafter, on August 26, 2026, Petitioner initiated the present § 2241 action. (Pet., ECF No. 1.) On September 4, 2026, the Detroit Immigration Court held a § 1226 bond hearing and denied Petitioner's request for bond. (Sept. 4, 2026, Order Immigration Judge, ECF No. 6-1.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When

the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to conduct a § 1226 bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.14–15.) Shortly after initiating this action, Petitioner had a § 1226 bond hearing in the Detroit Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for bond on September 4, 2026. (*See* Sept. 4, 2026, Order Immigration Judge, ECF No. 6-1.)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the September 2026 bond hearing. (*See generally* Pet., ECF No. 1.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[1]

---

[1] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the September 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 7, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge